1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALBERT CRUZ, JR.,

11          Plaintiff,                 No. CIV S-05-0913 GEB DAD P

12     vs.

13   DR. S. HAND, et al.,

14          Defendants.                ORDER

15   _____/

16          Plaintiff is a former inmate of the Sacramento County Jail and is proceeding pro

17   se and in forma pauperis.  On September 16, 2005, the court filed findings and recommendations

18   recommending that this action be dismissed due to plaintiff's failure to keep the court apprised of

19   his current address.  On October 25, 2005, plaintiff filed a notice of change of address.  Although

20   the notice was untimely, the court will nonetheless vacate the findings and recommendations.

21   Plaintiff is cautioned that he is required to promptly notify the court of any change of address and

22   that failure to do so will result in the dismissal of this action.

23   /////

24   /////

25   /////

26   /////

1

1   On May 13, 2005, the court dismissed plaintiff's complaint and granted him leave

2   to file an amended complaint.  Plaintiff subsequently filed amended complaints on June 10,

3   2005, June 13, 2005, and July 19, 2005.  The court will consider only the amended complaint

4   filed on July 19, 2005, since it was the last filed and would supercede the prior complaints.[1]

5   The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18  A complaint, or portion thereof, should only be dismissed for failure to state a

19  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

20  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

21  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

22  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

23

24      [1]  Plaintiff is advised that pursuant to Rule 15 of the Federal Rules of Civil Procedure, a
    party may amend his or her pleading "once as a matter of course at any time before a responsive
25  pleading is served."  Fed. R. Civ. P. 15(a).  Since plaintiff has filed at least one amended
    complaint, he may not file any further amended complaints without an order from the court
26  permitting him to do so.

complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  Plaintiff alleges that he suffers from AIDS and that a doctor from the Center for AIDS Research, Education and Services (CARES) has stated that "an incarcerated setting is not the appropriate place to take care of Mr. Cruz' severe physical, emotional, and mental problems . . . .  I recommend that he be placed in a more supervisory setting, perhaps under the care of his mother, or in some other institutionalized setting, rather than the incarcerated setting he now finds himself."  (Compl., Attach. CARES letter, dated 1-27-05, at 1.)  In his amended complaint, plaintiff asserts that he should be released into his mother's care.  However, other portions of his statement of claim are illegible.  Therefore, the amended complaint will be dismissed, and plaintiff will be granted leave to file a second amended complaint.

Plaintiff is advised that in order to state an Eighth Amendment claim for inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  A claim of constitutionally inadequate medical care has two elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992).

It may be that plaintiff is attempting to state a claim that his Eighth Amendment rights are being violated because his serious medical needs are being met with deliberate indifference from prison officials.  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury of the 'unnecessary and wanton infliction of pain.'"  974 F.2d at 1059 (quoting <u>Estelle</u>, 429 U.S. at 104).  Indications of a serious medical

3

need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60.  In demonstrating the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Next, plaintiff must provide allegations to demonstrate that defendants responded to the serious medical need with deliberate indifference.  Proof that a defendant acted with deliberate indifference is required to satisfy the subjective prong of the two-part test that is applicable to any Eighth Amendment claim.  Farmer, 511 U.S. at 834.

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety."  Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.  However, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim.  See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir. 1981).[2]

Finally, any second amended complaint which plaintiff may elect to file must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

---

[2]  Plaintiff should also refer to the court's order filed on May 13, 2005 in this regard.

1   actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>,

2   633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

3   Furthermore, vague and conclusory allegations of official participation in civil rights violations

4   are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

5           Plaintiff is informed that the court cannot refer to a prior pleading in order to

6   make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that a second

7   amended complaint be complete in itself without reference to any prior pleadings.  This is

8   because, as a general rule, an amended complaint supersedes the original complaint.  <u>See Loux v.</u>

9   <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

10  prior pleadings no longer serve any function in the case.  Therefore, each claim and the

11  involvement of each defendant must be sufficiently alleged.

12          On October 25, 2005, plaintiff requested copies of his complaint.[3]  Plaintiff is

13  informed that the court is required to screen complaints filed by prisoners.  If the court

14  determines that plaintiff has stated cognizable claims in his second amended complaint, plaintiff

15  will be ordered to complete and submit certain documents for service on defendants.  At that

16  time the court will provide plaintiff an endorsed copy of the second amended complaint.

17  Therefore, plaintiff's request will be denied at this time as premature.

18          In accordance with the above, IT IS HEREBY ORDERED that:

19          1.  The findings and recommendations, filed on September 16, 2005, are vacated;

20          2.  Amended complaints filed on June 10, 2005 and June 13, 2005 are placed in

21  the file and disregarded;

22          3.  Plaintiff's amended complaint, filed on July 19, 2005, is dismissed;

23  /////

24

25          [3] Plaintiff is cautioned that any document filed in this case must contain only the
    assigned case file number.  A document containing multiple case filing numbers will be
26  disregarded by the court.

                                            5

1          4.  Plaintiff is granted thirty days from the date of service of this order to file a

2  second amended complaint that complies with the requirements of the Civil Rights Act, the

3  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

4  must bear the docket number assigned this case and must be labeled "Second Amended

5  Complaint"; plaintiff must use the form complaint provided by the court; plaintiff must file an

6  original and two copies of the second amended complaint; failure to file a second amended

7  complaint in accordance with this order will result in a recommendation that this action be

8  dismissed; and

9          5.  Plaintiff's October 25, 2005 request for a copy of his complaint is denied as

10  premature.

11  DATED: October 26, 2005.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
cruz0913.14b

6